FILED
MAR 1 3 2006
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CRIMINAL NO. 06-CR-30019-WDS |
| | ) |
| D & G HEALTH CENTER, INC. | ) |
| | ) |
| Defendant | ) |

## PLEA AGREEMENT

The United States of America, by its counsel Edward E. McNally, United States Attorney for the Southern District of Illinois, and Michael J. Quinley, Assistant United Sates Attorney for the Southern District of Illinois, and the Defendant, D & G Health Center, Inc., by and through its attorneys, Greensfelder, Hemker & Gale, P.C., and J. Roger Edgar, hereby notify the court, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, that the following Plea Agreement under Rule 11(c)(1)(C) has been negotiated and entered into:

### I.

1. D & G Health Center, Inc., (hereafter D & G) agrees to waive indictment and will plead guilty, through an authorized representative, to the Information. The Information and Stipulation of Facts are attached hereto and incorporated herein as Exhibits A and B. D & G is an Illinois corporation doing business within the Southern District of Illinois.

2. The Information charges D & G in Count One of violating Title 18, United States code, Section 1347, which carries a maximum penalty of 5 years probation, or a criminal fine of $500,000, or both. D & G is alternatively liable for a fine under Title 18, United States Code, Section 3571(d) which states:

If ~~D & G~~ <ins>any person</ins> derives pecuniary gain from the offense, or if the offense results in pecuniary loss to a person other than the defendant, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

D & G agrees to plead guilty to Count One of the Information. Pursuant to the Stipulation of Facts, incorporated by reference herein and attached hereto as Exhibit B, D & G admits that it knowingly, intentionally and willfully committed or caused to be committed, along with others, the crime charged in the attached Information.

3. Sentencing Guidelines

The United States and D & G agree that Section 8C2.2 (b) of the United States Sentencing Guidelines ("U.S.S.G.") applies to sentencing D & G with respect to the Information. It is readily ascertainable that D & G does not have the means to pay the minimum guideline fine.

4. The Government and D & G have agreed to recommend to the court that a proper disposition of this matter is:

    (a) the imposition of a criminal fine on D & G in the amount of $10,000, which is to be paid at sentencing;

    (b) the imposition of restitution in the amount of $64,641.58;

    (c) a period of five years probation;

    (d) special assessment of $400 (18 U.S.C. 3013(a)(2)(B) for offenses committed after April 24, 1996).

D & G affirmatively states that it has sufficient assets to pay this criminal fine.

5. Provided the sentence imposed in this case does not exceed the recommendation set forth in paragraph 4 herein, D & G waives its right to appeal the sentence imposed, to

challenge that sentence in any collateral proceeding, or to seek reduction of the sentence under Rule 35 of the Federal Rules of Criminal Procedure in exchange for the concessions made in this plea agreement.

6. Conditioned on D & G's material compliance with all terms of this Plea Agreement, the United States agrees that it will not prosecute any other criminal charges in connection with allegations of wrongdoing that were known to the United States Attorney's Office for the Southern District of Illinois prior to the date of the execution of this plea agreement. However, this plea agreement cannot and does not bind the Tax Division of the U.S. Department of Justice or the Internal Revenue Service of the U.S. Department of Treasury.

7. The United States will inform the Court of the extent of D & G's cooperation; however, D & G understands that the Court did not participate in this agreement, is not bound by any agreements of the Government, and further, that except as provided under Rule 11(c)(5) and 11(d)(2)(A), it will not be able to withdraw its plea of guilty, once entered.

8. Each person who signs this Plea Agreement in a representative capacity warrants that he or she is duly authorized to do so and is bound by its terms, obligations and conditions.

9. D & G acknowledges that it has been advised and does fully understand the following:

    (a) the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    (b) that D & G has the right to plead not guilty or to persist in that plea if it has already been made, and it has the right to be tried by a jury and at that trial has

the right to the assistance of counsel, the right to confront and cross-examine witnesses against it, and the right not to be compelled to incriminate itself;

(c) that if D & G pleads guilty, there will not be a further trial of any kind, so that by pleading guilty, it waives the right to a trial;

(d) that if D & G pleads guilty, the Court may ask D & G's representatives questions about the offenses to which it has pleaded, and if it answers these questions under oath, on the record, and in the presence of counsel, its answers may later be used against it or its representatives in a prosecution for perjury or false statements; and

(e) that if D & G pleads guilty, it will waive its right to persist in its plea of not guilty, to be tried by a jury, to have assistance of counsel at the trial, and to confront and cross-examine witnesses against it at trial.

10. D & G agrees that this Plea Agreement, Information and Stipulation of Facts constitutes the entire agreement between D & G and the United States and that no promises, inducements or representatives, other than those specifically set forth in this Plea Agreement, Information and Stipulation of Facts, were made to induce D & G to enter into this Plea Agreement and Stipulation of Facts.

11. D & G understands that this offense is subject to provisions and guidelines of the Sentencing Reform Act of 1984 (Ch. II of the Comprehensive Crime Control Act of 1984, Public Law 98-173, Oct. 12, 1984), Title 28, United States Code, Section 994(a).

12. D & G states that its representatives have read this agreement and they have discussed the agreement, and understand it.

13. D & G understands and agrees that if it, through its officers, commits any offense in violation of federal, state, or local law or violate any term or condition of this agreement during the period of probation specified in paragraph 4.c of this Plea Agreement, then the Government is not bound by the provisions in the Plea Agreement and may request that the Court impose on D & G any penalty allowable by law, including the filing of additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of probation. No action taken or recommendations made by the Government pursuant to this paragraph will be grounds for D & G to withdraw its plea.

14. This Plea Agreement may be executed in more than one counterpart, each of which shall constitute an original and all of which shall constitute one and the same Agreement.

15. This Plea Agreement may not be altered, amended, modified, or otherwise changed except by a writing duly executed by each of the parties.

16. No additional promises, agreements or conditions other than those referenced in this Plea Agreement will be entered unless in writing and signed by all parties.

## II.

No matters are in dispute.

*[signature]*  
D & G HEALTH CENTER, INC.  
Defendant *[signature]*

*[signature]*  
GREENSFELDER, HEMKER & GALE, P.C.  
J. ROGER EDGAR  
Attorney for Defendant

Date: 3-13-2006

EDWARD E. MCNALLY  
United States Attorney

*[signature]*  
MICHAEL J. QUINLEY  
Assistant United States Attorney

Date: February 6, 2006